IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| C/O M. HOFFMAN, C/O FLEMMINGS, | ) |
| LISA GALES, ASST. WARDEN BUTLER, | ) |
| SGT. PELKER, SGT. HEINES, LT. | ) |
| CARTWRIGHT, SGT. ELAVIO, C/O | ) |
| MAYBERRY, C/O ENLARGE, C/O | ) Case No. 12–cv–0233–MJR–SCW |
| BISHOP, A. WALTER, C/O NEHRING, | ) |
| C/O SULSER, C/O MEYER, JAMIE | ) |
| WELBORN, C/O PROWELL, DR. | ) |
| SHEPERD, DR. FAHIM, SARAH | ) |
| DILLMAN, JOAN, SGT. HASEMEYER, | ) |
| TRACEY HARRINGTON, SGT. | ) |
| MCDANIELS, OFFICER JOHN DOE, | ) |
| and WARDEN MICHAEL ATCHISON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

*Pro se* Plaintiff Maurice Jackson is currently an inmate at the Illinois Department of Corrections' (IDOC's) Menard Correctional Center (Menard). He has brought this civil rights action pursuant to 42 U.S.C. § 1983, and has alleged that Defendants (all officials at Menard) violated a litany of his constitutional rights. Specifically, Jackson claims he was severely beaten by thirteen correctional officer defendants (Hoffman, Flemmings, Pelker, Heins, Cartwright, Mayberry, Enlarge, Bishop, Nehring, Sulser, Meyer, Prowell, and McDaniels) and sexually assaulted by one (Bishop), in violation of his Eighth Amendment rights. In the aftermath of that beating, several medical workers at Menard ignored his injuries (also in violation of the Eighth Amendment), and the warden (Atchison) and a counselor (Harrington) refused to respond to his grievances (thus violating

1

the First Amendment). Further, because of those injuries, Jackson fell out of his bunk and was subjected to deliberate indifference to the head injury he sustained, then made to sleep on the floor and on a urine-soaked mattress. In unrelated claims, the plaintiff also alleges Defendants Sheperd and Fahim (both doctors at Menard), along with Defendant "Joan," who apparently works in the prison pharmacy, withheld his blood pressure medication. Finally, Mr. Jackson alleges that two mailroom supervisors, the assistant warden in charge of the mailroom, and several correctional officers interfered with his incoming and outgoing mail (in violation of the First Amendment).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. On review, the court shall identify cognizable claims or dismiss any portions of the complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity. **28 U.S.C. § 1915A(b)**.

**Colorable Claims**

Accepting Plaintiff's liberally-construed allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action:

**Count 1** – Against Defendants Hoffman, Flemmings, Pelker, Heines, Cartwright, Mayberry, Enlarge, Bishop, Nehring, Sulser, Meyer, McDaniels, and Prowell for excessive force, in violation of the Eighth Amendment. **See Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 667 (7th Cir. 2012) (use of force is excessive when it entails the unnecessary and wanton infliction of pain).**

**Count 2** – Against Defendant Bishop (who "swiped [his penis] between plaintiff's butt until he got aroused," (Doc. 1, p. 6) and Defendant Mayberry (who intentionally humiliated Jackson by walking him to health care in a revealing smock) for violating Jackson's Eighth Amendment rights. **See Washington v. Hively, -- F.3d ---, No. 12-1657, 2012 WL 3553419, at \*1 (7th Cir. Aug. 20, 2012) (". . . unwanted touching of a person's**

2

**private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant. . . . Indeed, sexual offenses need not involve *any* touching") (emphasis in original).**

**Count 3** – Against Dr. Sheperd, Dr. Fahim, Sgt. Elavio and Nurse A. Walter for deliberate indifference to the serious injuries Jackson received in the beating, in violation of the Eighth Amendment.

**Count 4** – Against Defendants Atchison and Harrington for refusing to respond to Jackson's grievances regarding the alleged December 30 beating. **See *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (part of a prisoner's constitutional right of access to the courts is "the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court.").**

**Count 5** – Against Defendants Elavio and Walter for additional deliberate indifference to head injury Jackson sustained while falling out of his top bunk shortly after he was beaten.

**Count 6** – Against Defendant Elavio for deliberate indifference to Jackson's inhumane conditions of confinement when Elavio made Jackson sleep on the floor for three days.

**Count 7** – Against a John Doe correctional officer for deliberate indifference to inhumane conditions of confinement when Jackson was forced to sleep on a urine-soaked mattress with no sheets for three days in segregation.

**Count 8** – Against Dr. Sheperd, Dr. Fahim, and Defendant "Joan" (who apparently works in the prison pharmacy) for refusing to administer his prescribed blood pressure medication.

**Count 9 –** Against Defendants Welborn, Dillman, Gales, Hoffman and Hasemeyer for interfering with Jackson's incoming and outgoing mail (in violation of the First Amendment). *See Rowe v. Shake*, **196 F.3d 778, 782 (7th Cir. 1999))**.

### Claims and Defendants Dismissed

The claim of excessive force against Defendant Atchison (whom Jackson alleges has not responded to his emergency grievance regarding the beating) is **DISMISSED without prejudice** because *respondeat superior* is not applicable to § 1983 actions. ***See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)**. Likewise, the claim that Assistant Warden Butler interfered with Jackson's mail — a claim predicated exclusively on her supervisory capacity over the mail room — is **DISMISSED without prejudice.** *See id.*

### Claims Severed under *George v. Smith*

In ***George v. Smith*, 507 F.3d 605 (7th Cir. 2007)**, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. ***George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g))**. Plaintiff's complaint contains three unrelated claims against different defendants: Count 1 through Count 7 regard allegations of a abuse and the aftermath of that abuse; Count 8 regards allegations of deliberate indifference to Plaintiff's need for blood pressure medication; and Count 9 regards allegations of interference with Plaintiff's mail.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS Count 8** of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case. The Court further directs the Clerk to add to the

4

docket of the newly-opened case a copy of Plaintiff's complaint, the IFP application from this case and a copy of this order.

Likewise, the Court **SEVERS Count 9** of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case. The Court further directs the Clerk to add to the docket of the newly-opened case a copy of Plaintiff's complaint, the IFP application from this case and a copy of this order.

If for any reason, Plaintiff does not wish to proceed either with this case or with either newly-opened case, he must notify the Court within 30 days. Unless Plaintiff notifies the Court that he does not wish to pursue one of these actions, he will be responsible for a separate filing fee in each case.

PENDING MOTIONS

Also before the Court are Plaintiff's motions for the Court to take severe action (Doc. 5), two motions for a preliminary injunction (Docs. 6, 13), two motions for a temporary restraining order ("TRO") (Docs. 10, 11), motion to disqualify a federal judge (Doc. 12), motion to appoint counsel (Doc. 14), motion to supplement the complaint (Doc. 15), and motion to supplement Doc. 14 (Doc. 16). The Court finds it convenient to address these motions categorically as divided above.

**Motion to Take Severe Action (Doc. 5)**

On March 28, 2012, Plaintiff filed a motion requesting forms related to a prospective motion to proceed *in forma pauperis* ("IFP"). Plaintiff asserts that he has not been able to adequately file his IFP motion because of interference by guards. He requests that the Court issue an injunction preventing the guards from interfering with his litigation on this matter. However, Plaintiff has since been granted IFP status (Doc. 9). Thus, Plaintiff's concerns over his motion to proceed IFP are moot.

Nonetheless, this is not the end of the matter. In his motion to take severe action (which the Court construes as a motion for a preliminary injunction), Plaintiff includes various footnotes, in which he requests the Court's assistance with: (a) receiving his medication in prison and (b) an assignment to a single-person cell (Doc. 5, p. 3). In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Regarding his request for blood pressure medication, Plaintiff has failed to establish any likelihood that he will succeed on the merits of this claim. In support of his request for blood pressure medication, Plaintiff offers little more than self-diagnosis and conjecture. The Court must approach the issuance of injunctive orders with caution. *See Estelle v. Gamble*, 511 U.S. 825, 846-47 (1994). Furthermore, this court must be wary of interfering in the internal administration of the state prison system. *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997). At this stage of the litigation, without more than Plaintiff's allegations, the issuance of an injunction ordering Plaintiff to receive certain medications would be inappropriate because he has not met his burden to persuade the court "by a clear showing" that he is entitled to the "extraordinary and drastic remedy" of a preliminary injunction. **See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Accord Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc., 549 F.3d 1079, 1085 (7th Cir.**

**2008) ("[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it") (internal quotation marks omitted).**

Likewise, Plaintiff has not established the necessity of a court order mandating his placement in a single-person cell. "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, **536 U.S. 24, 39 (2002).** In this motion, Plaintiff expresses fears about being sexually assaulted by his cellmates. However, such concerns are not the subject of Plaintiff's complaint (so his ultimate success on the merits is nil), nor does Plaintiff mention any specific threats or conduct that would corroborate these fears. Therefore, a court order placing Plaintiff in a single-person cell cannot be justified at this stage of the case.

For the aforementioned reasons, Plaintiff's motion to take severe action (Doc. 5) is **DENIED** without prejudice.

### Motions for Preliminary Injunction (Docs. 6, 13)

On April 6, 2012, Plaintiff filed a motion for preliminary injunction raising the same issues as the previous motion at Doc. 5, but also including a request for the Court to prevent Defendant Hoffman from tampering with Plaintiff's food trays. In the week since Plaintiff filed his motion to take severe action (Doc. 5), he did not alert the Court to any new developments that would warrant reconsideration of the refusal to issue injunctions regarding his medication or housing arrangement. Furthermore, Plaintiff's allegations that his food trays are disheveled when they arrive at his cell do not warrant an injunction. Finally, Plaintiff's concerns about Kosher meal trays are not properly before the Court as they are not the subject of this action. Therefore, Plaintiff's first motion for preliminary injunction (Doc. 6) is **DENIED** without prejudice.

On April 30, 2012, Plaintiff again filed a motion requesting a preliminary injunction (Doc. 13), this time complaining of more tampering with his legal mail and staff cancelling his

doctor's visits. Plaintiff's new concerns do not necessitate the Court stepping in at this time to interfere with the administration of the prison system. Plaintiff notes in this motion that he is still receiving his mail and had recently been seen by prison medical staff (Nurse Kimberly). Based on this information, the Court sees no threat of irreparable harm absent the issuance of a preliminary injunction. Therefore, Plaintiff's second motion for preliminary injunction (Doc. 13) is **DENIED** without prejudice.

### Motions for TRO (Docs. 10, 11)

In addition to his motions for preliminary injunctions, Plaintiff has filed two motions for TROs. On April 11, 2012, Plaintiff filed his first motion for a TRO, alleging that guards opened his legal mail on April 10, 2012, without his consent. A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice **only** if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). Plaintiff indicates that a letter from the Illinois Appellate Court *was* given to him on April 10, 2012, under the proper procedures for delivery of legal mail to prisoners. **See Martin v. Brewer, 830 F.2d 76 (7th Cir. 1987) (discussing protocol for delivery of legal mail to inmates).** Even if prison guards tampered with Plaintiff's legal mail on April 10, 2012, one isolated incident does not necessitate the issuance of a TRO, as no irreparable injury will clearly occur absent the Court issuing a TRO. Therefore, the Court **DENIES** without prejudice Plaintiff's first motion for TRO (Doc. 10).

Plaintiff's second motion for TRO (Doc. 11), filed on April 19, 2012, resurrects his complaints about his food trays and again requests a single-person cell. By labeling his request as a TRO, Plaintiff does not ultimately change the Court's position on these issues. Thus, for the

8

reasons discussed under "Motions for Preliminary Injunction" and "Motion to Take Severe Action", the Court **DENIES** without prejudice Plaintiff's second motion for TRO (Doc. 11).

### Motion to Disqualify Judge (Doc. 12)

On April 30, 2012, Plaintiff moved for a "test for a disqualification of federal judge" under 28 U.S.C. § 455(a), which the Court construes as a motion to recuse the undersigned judge in this case (Doc. 12, p. 1). Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiff argues that the undersigned has a casual relationship with the defendants in this case, calling his impartiality into question. Plaintiff further claims that these relationships have caused unreasonable delay in the litigation of the instant action.

However, these allegations have no factual basis. Plaintiff offers no evidence of a relationship between any of the named defendants and the undersigned, but instead assumes the existence of a relationship because the Court had not granted his earlier motions. Contrary to Plaintiff's assertion that Defendants had appeared before the Court in this matter (Doc. 12, p. 1), no such appearance has occurred. In fact, because Plaintiff's complaint is still awaiting initial review pursuant to 28 U.S.C. § 1915A, Defendants have not yet been served with the complaint, let alone made any appearance.

When analyzing a motion to recuse, the Court "must treat the factual averments as true," but is not obligated to accept Plaintiff's conclusions regarding the facts' significance. **Tezak v. U.S., 256 F.3d 702, 717 (7th Cir. 2001) (citing United States v. Balistrieri, 779 F.2d 1191, 1200 (7th Cir. 1985)).** Here, Plaintiff offers *no* factual averments. Plaintiff's unfounded conjectures of a "casual relationship" between the undersigned and the defendants do not support a recusal in this case. Therefore, Plaintiff's motion to disqualify a federal judge (Doc. 12) is **DENIED**.

**Motion to Appoint Counsel (Docs. 14, 16)**

On May 9, 2012, Plaintiff filed his second motion to appoint counsel (Doc. 14). Then, on July 5, 2012, Plaintiff moved to supplement this motion (Doc. 16) with additional proof of his efforts to obtain counsel on his own. The Court **GRANTS** Plaintiff's motion to supplement Doc. 14 (Doc. 16). Plaintiff's added exhibit will be considered when deciding his pending motion to appoint counsel.

There is no constitutional or statutory right to appointment of counsel in federal civil cases. **Romanelli v. Suliene, 615 F.3d 847, 851 (7th Cir. 2010).** Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. **Id.** When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" **Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007).** Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." **Id. at 655**.

With regard to the first step of the inquiry, Plaintiff has made some cursory attempts at obtaining counsel with no success. Even assuming that Plaintiff has met the first step of the Seventh Circuit's standard, he ultimately has not made the requisite showing for an appointment of counsel in this case.

Regarding the second step of the two-part inquiry, from a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's complaint seems to adequately articulate his claims, and based on this ability, this Court concludes that Plaintiff appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's second motion

for appointment of counsel (Doc. 14) is **DENIED** without prejudice.  Plaintiff may choose to re-file this motion at a later stage in the litigation.

### Motion to Supplement Complaint (Doc. 15)

On July 5, 2012, Plaintiff filed a motion to supplement his original complaint.  In this motion, Plaintiff provides new information about his efforts to receive blood pressure medication.  Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]"  However, in this District, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed."  Local Rule 15.1.  Plaintiff did not tender his proposed amended complaint or exhibits along with his motion.  Accordingly, Plaintiff's motion to supplement the complaint (Doc. 15) is **DENIED** without prejudice.

### DISPOSITION

Defendant Butler is **DISMISSED** from this action without prejudice.  Plaintiff's claim that Warden Atchison used excessive force against him is **DISMISSED** without prejudice.

**Count 8 is severed** into a separate action, for which the Clerk shall open a new case.  In that new case, addressing Plaintiff's deliberate indifference claim regarding his blood pressure medications, the Defendants are Dr. Sheperd, Dr. Fahim, and Defendant Joan.

**Count 9 is severed** into a separate action, for which the Clerk shall open a new case.  In that new case, addressing Plaintiff's claims of interference with his mail, the Defendants are Jamie Welborn, Sarah Dillman, Lisa Gales, C/O Hoffman and Sgt. Hasemeyer.

Plaintiff shall notify the Court by **September 24** if he does not wish to proceed on the instant case or either of the two severed cases.  **At that time, the Court will order service of process on Defendants.**

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. **See 28 U.S.C. § 1915(f)(2)(A).**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. **SDIL-LR 3.1(c)(1)**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* **FED. R. CIV. P. 41(b).**

**IT IS SO ORDERED.**

**DATE: August 27, 2012**                             **/s/ *Michael J. Reagan***
                                                                              **MICHAEL J. REAGAN**
                                                                              United States District Judge