IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAURICE JACKSON, # R-31861,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-233-MJR-SCW |
| ) | |
| **C/O M. HOFFMAN, C/O FLEMMINGS,** ) | |
| **LISA GALES, SGT. PELKER,** ) | |
| **SGT. HEINES, LT. CARTWRIGHT,** ) | |
| **SGT. ELAVIO, C/O MAYBERRY,** ) | |
| **C/O ENLARGE, C/O BISHOP,** ) | |
| **A. WALTER, C/O NEHRING,** ) | |
| **C/O SULSER, C/O MEYER,** ) | |
| **JAMIE WELBORN, C/O PROWELL,** ) | |
| **DR. SHEPERD, DR. FAHIM,** ) | |
| **SARAH DILLMAN, JOAN,** ) | |
| **SGT. HASEMEYER,** ) | |
| **TRACY HARRINGTON,** ) | |
| **WARDEN MICHAEL ATCHISON,** ) | |
| **OFFICER JOHN DOE,** ) | |
| **and SGT. MCDANIELS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for case management. After reviewing Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned Judge ordered two of Plaintiff's claims to be severed into separate cases (Doc. 17). Those severed claims have been filed as (Count 8) *Jackson v. Sheperd*, Case No. 12-cv-960-GPM, and (Count 9) *Jackson v. Welborn*, Case No. 12-cv-961-JPG. Plaintiff was ordered to inform the Court within 30 days if he did not wish to pursue this case or either of the severed matters. That deadline has now passed, and Plaintiff has not notified the Court of any intent to dismiss the instant action. Accordingly, service shall be ordered on the Defendants in this case.

The Clerk is **DIRECTED** to add Defendants **SGT. MCDANIELS** AND **OFFICER JOHN DOE** as parties to this action. Plaintiff states a claim against Defendant McDaniels in Count 1, and against Defendant John Doe in Count 7, but omitted these individuals from the list of enumerated Defendants in the complaint.

The Clerk is further **DIRECTED** to reinstate Defendant **MICHAEL ATCHISON**, who was inadvertently terminated as a party. Although Plaintiff failed to state a claim for excessive force (in Count 1) against Defendant Atchison, a cognizable claim against him was stated in Count 4.

The Clerk shall **TERMINATE** the following parties from this action, as Plaintiff's claims against them in Counts 8 and 9 are proceeding in the severed cases: **JOAN, JAMIE WELBORN, SARAH DILLMAN, LISA GALES,** and **SGT. HASEMEYER.**

The Clerk of Court shall prepare for Defendants **HOFFMAN, FLEMMINGS, PELKER, HEINES, CARTWRIGHT, ELAVIO, MAYBERRY, ENLARGE, BISHOP, WALTER, NEHRING, SULSER, MEYER, PROWELL, SHEPERD, FAHIM, HARRINGTON, ATCHISON,** and **MCDANIELS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the Memorandum and Order at Doc. 17, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant until such time as Plaintiff has identified him/her by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C.

§ 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 1, 2012**

_s/ MICHAEL J. REAGAN
United States District Judge