IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| C/O M. HOFFMAN, CHRISTOPHER FLEMING, SGT. PELKER, TRACY HEIMAN, LT. CARTWRIGHT, FRANK EOVALDI, C/O MAYBERRY, JUSTIN ENGELAGE, C/O BISHOP, A. WALTER, C/O NEHRING, C/O SULSER, CLINT MAYER, C/O PROWELL, DR. SHEPERD, DR. FAHIM, TRACY HARRINGTON, MICHAEL ATCHISON, and CHARLES MCDANIEL, | ) ) ) ) ) ) ) ) ) ) ) Case No. 12–cv–0233–MJR–SCW |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

This § 1983 civil rights case comes before the Court on *pro se* Plaintiff Maurice Jackson's objections to a Report and Recommendation ("R&R") submitted by Magistrate Judge Stephen C. Williams. For the reasons explained below, the undersigned overrules Plaintiff's objections, adopts in full Judge Williams' Report and Recommendation, and dismisses Plaintiff's claims against Defendants Fahim and Sheperd without prejudice.

### PROCEDURAL & FACTUAL BACKGROUND

Plaintiff sued Defendants on March 14, 2012. According to Plaintiff's Complaint, Fahim and Sheperd (for purposes of this Memorandum & Order, "Defendants") acted with deliberate indifference to serious medical needs Plaintiff incurred when he was assaulted by Menard staff on December 30, 2011. In August 2012, pursuant to 28 U.S.C. § 1915A, the undersigned screened the complaint and severed the case into three distinct actions: this (the underlying action), as well as No.

1

12–cv–0960 and No. 12–cv–0961.  Defendants (Fahim in February, Sheperd in June 2013) filed respective and nearly-identical motions for summary judgment, each asserting Plaintiff failed to exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA").

Magistrate Judge Williams, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), held a hearing the motions on August 6, 2013.  In his post-hearing R&R, Judge Williams recommended granting both summary judgment motions.  Judge Williams' Recommendation (and the underlying argument between the parties) focuses on four grievance forms Plaintiff submitted into evidence (either via attachment to the original Complaint or as part of his summary judgment response), as well a collection of records kept by Menard and Illinois Department of Corrections ("IDOC") officials.  Judge Williams found Defendants submitted evidence sufficient to show Plaintiff never filed any grievances relating to his post-assault medical care, and that neither Plaintiff's exhibits nor his testimony were credible.  (Doc. 119, 10).  In short, Judge Williams found none of the four grievances Plaintiff submitted were actually filed at Menard, as Plaintiff claims.

Plaintiff's objection to Judge Williams' R&R is twofold.  He first challenges the magistrate judge's application of the summary judgment standard, then takes issue with the findings of fact and credibility determinations that lie at the heart of the R&R.

## ANALYSIS

When a party timely objects to a magistrate judge's R&R, the district court—giving deference to the magistrate judge's findings of fact and credibility determinations as noted below— must undertake *de novo* review of the portions to which an objection has been made.  **28 U.S.C. § 636(b)(1)(C).**

1. **Plaintiff's First Objection: Summary Judgment Standard, *Pavey*, and the Instant Standard of Review**

Interpreting Plaintiff's argument generously, his underlying objection seems to be that it was erroneous for Magistrate Judge Williams to make any factual findings or credibility determination at this stage of the case. Plaintiff points to *Washington v. Haupert* for the proposition that credibility determinations are not within a court's purview at the summary judgment stage. **See *Washington v. Haupert*, 481 F.3d 543, 551 (7th Cir. 2007) ("we are not in a position to resolve swearing contests between litigants" at summary judgment) (internal citation and quotation marks omitted).**

While Plaintiff's proposition is generally a correct one, *Haupert* did not concern the PLRA's exhaustion requirement. Whether a prisoner exhausted his administrative remedies is an issue frequently challenged in what the parties label a "motion for summary judgment," but the standard outlined by the Seventh Circuit is not the one enshrined in *Haupert* (or Federal Rule of Civil Procedure 56).

In *Pavey v. Conley* (*Pavey I*), the Seventh Circuit set forth the procedures for tackling the exhaustion issue; the first step is for the judge to conduct "a hearing on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate." ***Pavey I*, 544 F.3d 739, 742 (7th Cir. 2008).** And in holding that hearing, a court may credit the testimony of one witness over another. **See *Pavey v. Conley (Pavey II)*, 663 F.3d 899, 904 (7th Cir. 2011) (affirming the findings of a magistrate judge, whose R&R included factual findings that Plaintiff was not credible).** In other words, the very purpose of *Pavey I* is to allow a judge to resolve swearing contests between litigants. **See *Pavey I*, 544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control.").** Plaintiff's argument is off-target, and his objection overruled.

Further, for the purposes of this memorandum and order, while the Court undertakes *de novo* review of the R&R portions to which Plaintiff objects, the Court will give great deference to Judge

3

Williams' factual findings and credibility determinations.  *Pavey II*, 663 F.3d at 904.  *See also Towns v. Holton*, 346 F.App'x 97, 100 (7th Cir. 2009) (great deference to credibility findings based on demeanor); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("[*D*]*e novo determination* is not the same as a *de novo hearing*.  The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.") (emphasis added).

  2. **Plaintiff's Second Objection: PLRA's Exhaustion Requirement**

As an inmate, Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit.  **42 U.S.C. § 1997e.**  In Illinois, the grievance process requires a prisoner to speak with his counselor, then file a written grievance.  **20 Ill. Admin. Code § 504.810(a)–(b).**  Though the Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006)**, the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, **42 U.S.C. § 1997e(a).**  Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance, *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002)**, or—as Plaintiff claims here—when prison employees otherwise use affirmative misconduct to prevent a prisoner from exhausting, *Dole*, **438 F.3d at 809.**

Plaintiff asserts that he attempted to grieve about Defendants' conduct four times in early 2012, and that his attempts were thwarted when prison officials destroyed his grievances.  Plaintiff's substantive objection concerns the conclusions drawn by Judge Williams regarding those four grievances.  In particular, Plaintiff takes issue with the idea that the lack of file stamps or counselor responses to his grievances, combined with the absence of IDOC records regarding any grievances from January to March 2012, does not conclusively show he never filed the four grievances.

It is true that—on its own—the absence of file stamps or evidence that administrators received Plaintiff's grievances cannot disprove the notion that prison guards were destroying Plaintiff's grievances as soon as they received them.  But the state is not required to prove a negative, only to carry its burden of showing, by a preponderance of the evidence, that Plaintiff did not exhaust.  *See Ray v. Clements*, **700 F.3d 993, 1010 (7th Cir. 2012) (in *habeas* context, "the state is not required to prove to a statistical certainty that the petitioner did not hand his document to a prison official on the date that he claims to have done show, and parties are required to make similar showings all the time in litigation.").**  And the absence of file stamps is just one piece of evidence Judge Williams considered in finding Plaintiff's testimony and exhibits not credible.

Many other facts support Judge Williams' finding.  He pointed to internal inconsistencies in the grievances, which described events (and were attached to exhibits) that clearly postdated the grievance forms.  While three of the four grievances (from January and March 2012) were submitted with Plaintiff's complaint, one dated Februay 6, 2012 (but with a signature line indicating a January 6 signature, and including exhibits dated February 14) was not submitted until Plaintiff had been presented with Defendants' exhaustion argument.  Judge Williams balanced that documentary evidence with the IDOC's records that indicated Plaintiff had successfully grieved other incidents both before and after early 2012, and that—even though he had met with counselors during the relevant timeframe—he never filed a grievance or complained to his counselor about a lack of medical care in January and February 2012.  Most importantly, Judge Williams was present during the *Pavey* hearing and found Plaintiff's testimony not credible.

If Plaintiff's objection were to carry the day, then any inmate could, at the time he filed suit, draft an on-point grievance, falsely date it to correspond with the events in his lawsuit, and prevail at a *Pavey* hearing based on that fraudulent document.  That is clearly not the rule contemplated by the

5

PLRA or *Pavey I*, and it is not a proposition that warrants overturning Judge Williams' credibility findings.  Summary judgment will be granted as to Defendants Fahim and Sheperd.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation submitted by Magistrate Judge Stephen C. Williams (**Doc. 119**) is **ADOPTED** in full.  The respective summary judgment motions filed by Defendants Fahim (**Doc. 77**) and Sheperd (**Doc. 98**) are **GRANTED**.  Plaintiff's claims against Fahim and Sheperd are **DISMISSED** without prejudice, and the Clerk is **DIRECTED** to terminate them from the docket.

**IT IS SO ORDERED.**

DATE: <u>September 25, 2013</u>　　　　　　　　s/ *Michael J. Reagan*
　　　　　　　　　　　　　　　　　　　　　　　　**MICHAEL J. REAGAN**
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge