IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| C/O M. HOFFMAN, | ) |
| CHRISTOPHER FLEMING, | ) |
| SGT. PELKER, | ) |
| TRACY HEIMAN, | ) |
| LT. CARTWRIGHT, | ) |
| FRANK EOVALDI, | ) Case No. 12–cv–0233–MJR–SCW |
| C/O MAYBERRY, | ) |
| JUSTIN ENGELAGE, | ) |
| C/O BISHOP, | ) |
| A. WALTER, | ) |
| C/O NEHRING, | ) |
| C/O SULSER, | ) |
| CLINT MAYER, | ) |
| C/O PROWELL, | ) |
| TRACY HARRINGTON, | ) |
| MICHAEL ATCHISON, and | ) |
| CHARLES MCDANIEL, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

REAGAN, District Judge:

After two defendants won summary judgment in this § 1983 civil rights case, *pro se* Plaintiff's case went forward against seventeen Defendants on several theories of relief: an excessive force claim against thirteen Defendants for beating him on December 30, 2011; Eighth Amendment claims against Defendants Bishop and Mayberry (who humiliated Plaintiff in public, sexual manners); deliberate indifference to both Plaintiff's medical needs and his inhumane conditions of

1

confinement in the wake of the beating; and refusal to respond to Plaintiff's administrative grievances regarding the assault. The case comes before the Court on a Motion for Summary Judgment filed by all Defendants on a theory that Plaintiff did not exhaust his administrative remedies before filing suit. Pursuant to 28 U.S.C. § 636 and *Pavey v. Conley*, 544 F.3d 739 (2008), Magistrate Judge Stephen C. Williams held an evidentiary hearing and has submitted a Report and Recommendation ("R&R") on the matter. Judge Williams recommends granting Defendants' dispositive motion.

In June 2014, Plaintiff (rather than filing new objections to Judge Williams' R&R) re-filed his response brief to Defendants' motion as part of a motion for a change of venue / substitution of judge.[1] Generously construing Plaintiff's motion as an objection to Judge Williams' R&R, the undersigned nevertheless OVERRULES that objection, ADOPTS the R&R in full, and GRANTS summary judgment to Defendants.

PROCEDURAL & FACTUAL BACKGROUND

Plaintiff sued Defendants on March 14, 2012. In August 2012, pursuant to 28 U.S.C. § 1915A, the undersigned screened the complaint and severed the case into three distinct actions: this (the underlying action), as well as No. 12–cv–0960 and No. 12–cv–0961. After summary judgment was granted to the medical Defendants (the targets of Plaintiff's deliberate indifference claims) on the

---

[1] The motion for a change of judge is frivolous. Plaintiff takes issue with Judge Williams' findings of fact, but as explained below, fact finding is part of the *Pavey* / administrative exhaustion analysis. It is well established that judicial rulings alone "almost never constitute valid basis for a bias or partiality motion." *Marozsan v. U.S.*, 90 F.3d 1284, 1290 (7th Cir. 1996) (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). "Almost invariably," judicial rulings "are the proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555.

exhaustion issue, the remaining Defendants filed a motion for summary judgment, likewise asserting Plaintiff failed to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act (42 U.S.C. § 1997e, "the PLRA").

Magistrate Judge Williams, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), held a hearing on the motion on May 19, 2014. At the hearing, Judge Williams heard testimony from Plaintiff, whose position, in essence, is that he attempted to file grievances about the events at the heart of this case, but received no response from prison officials. In his post-hearing R&R, Judge Williams recommended granting summary judgment.

Judge Williams weighed Defendants' evidence against Plaintiff's testimony and documents, and found Plaintiff's version of events (i.e. that he had attempted to grieve the late 2011 / early 2012 incidents, but never received a response) not credible. Defendants admitted to receiving (and, indeed, provided) grievances from before and after the relevant timeframe, and provided a grievance summary corroborating that officials received no grievances between January and March 2012. Defendants also point to Plaintiff's counseling summary from Menard and statewide IDOC records, neither of which contain reference to formal grievances received in early 2012 or grievances about the incidents at the heart of this case.

Plaintiff, on the other hand, maintains that he attempted to grieve about the December 2011 / January 2012 events, and that he received no response. But Judge Williams pointed out inconsistencies (and possible fabrications) inherent in Plaintiff's evidence: a January 9 grievance that complains about events on January

3

10 and January 13; grievances were not marked with any indication they were received or reviewed by prison staff; and exhibits attached to grievances that postdate the grievances themselves (e.g. a February 14, 2012 exhibit to a grievance purportedly filed on February 6, 2012). Judge Williams also noted that Plaintiff's testimony at the May 19, 2014 hearing differed from testimony taken on August 6, 2013.[2] Then, Plaintiff claims to have written his responses over time (i.e. he wrote some of his January 9 grievance *after* he dated the grievance form, but did not file it until a week later); here, he indicates the post-January 9 dates were mistakes. In short, Judge Williams found that Defendants' showing that Plaintiff filed no relevant grievances was far more Plaintiff's inconsistent (and not credible) testimony and evidence.

## ANALYSIS

When a party timely objects to a magistrate judge's R&R, the district court—giving deference to the magistrate judge's findings of fact and credibility determinations as noted—must undertake *de novo* review of the portions to which an objection has been made. 28 U.S.C. § 636(b)(1)(C). The Court gives great deference to Judge Williams' factual findings and credibility determinations. *Pavey II*, 663 F.3d at 904. *See also Towns v. Holton*, 346 F.App'x 97, 100 (7th Cir. 2009) (great deference to credibility findings based on demeanor); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("[D]*e novo determination* is not the same as a *de novo hearing*. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.") (emphasis added).

---

[2] Some Defendants were granted summary judgment after an earlier *Pavey* hearing.

As an inmate, Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e. In Illinois, the grievance process requires a prisoner to speak with his counselor, then file a written grievance. 20 Ill. Admin. Code § 504.810(a)–(b). Though the Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, 42 U.S.C. § 1997e(a). Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), or when prison employees otherwise use affirmative misconduct to prevent a prisoner from exhausting, *Dole*, 438 F.3d at 809.

Whether a prisoner exhausted his administrative remedies is an issue frequently challenged in what the parties call a "motion for summary judgment," but the standard outlined by the Seventh Circuit is not the one enshrined in Federal Rule of Civil Procedure 56.[3] In *Pavey v. Conley* (*Pavey I*), the Seventh Circuit set forth the procedures for tackling the exhaustion issue; the first step is for the judge to conduct "a hearing on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate." *Pavey I*, 544 F.3d 739, 742 (7th Cir.

---

[3] Plaintiff complains that Judge Williams "made up" facts, thereby abusing the discretion allowed by Rule 56 (under which all facts and inferences would be drawn in Plaintiff's favor). Judge Williams made up no facts, but did conclude, based on the evidence presented, that Plaintiff's version of events was untrue. And as explained here, the thrust of *Pavey* is that factual questions related to administrative exhaustion must be answered before the case proceeds.

5

2008). And in holding that hearing, a court may credit the testimony of one witness over another. *See Pavey v. Conley (Pavey II)*, 663 F.3d 899, 904 (7th Cir. 2011) (affirming the findings of a magistrate judge, whose R&R included factual findings that Plaintiff was not credible). In other words, the very purpose of *Pavey I* is to allow a judge to resolve swearing contests between litigants. *See Pavey I*, 544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control.").

As in the previous round of *Pavey* proceedings, Plaintiff's objection boils down to a challenge to Judge Williams' findings regarding the authenticity of Plaintiff's documentary evidence and credibility findings drawn from documentary inconsistencies and Plaintiff's testimony and demeanor. As the Court reasoned in granting summary judgment for other Defendants in this case:

> It is true that—on its own—the absence of file stamps or evidence that administrators received Plaintiff's grievances cannot disprove the notion that prison guards were destroying Plaintiff's grievances as soon as they received them. But the state is not required to prove a negative, only to carry its burden of showing, by a preponderance of the evidence, that Plaintiff did not exhaust. … And the absence of file stamps is just one piece of evidence Judge Williams considered in finding Plaintiff's testimony and exhibits not credible.
> Many other facts support Judge Williams' finding. He pointed to internal inconsistencies in the grievances, which described events (and were attached to exhibits) that clearly postdated the grievance forms … Judge Williams balanced that documentary evidence with the IDOC's records that indicated Plaintiff had successfully grieved other incidents both before and after early 2012, and that—even though he had met with counselors during the relevant timeframe—he never filed a grievance or complained to his counselor about a lack of medical care in January and February 2012. Most importantly, Judge Williams was present during the *Pavey* hearing and found Plaintiff's testimony not credible.
> If Plaintiff's objection were to carry the day, then any inmate could, at the time he filed suit, draft an on-point grievance, falsely date it to correspond with the events in his lawsuit, and prevail at a *Pavey* hearing based on that fraudulent document. That is clearly not the

      rule contemplated by the PLRA or *Pavey I*, and it is not a proposition
      that warrants overturning Judge Williams' credibility findings.

(Doc. 124, pp. 5–6). The result here is no different. The undersigned will not disturb Judge Williams' credibility or fact finding based on the unsound notion that the magistrate was somehow creating sham facts about the administrative remedy process.

      For the foregoing reasons, the Report and Recommendation submitted by Magistrate Judge Stephen C. Williams (**Doc. 143**) is **ADOPTED** in full. The Motion for Summary Judgment filed by the remaining Defendants (**Doc. 127**) **is GRANTED.** Plaintiff's claims are **DISMISSED** without prejudice, and the Clerk is **DIRECTED** to **CLOSE** this case. All pending motions are **MOOT**, and all case settings are hereby **CANCELLED**.

      IT IS SO ORDERED.
      DATE: <u>August 21, 2014</u>                         s/ *Michael J. Reagan*
                                                                        MICHAEL J. REAGAN
                                                                        United States District Judge